IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| AVEMARIA M. LADSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:15-cv-547 (JCC/IDD) |
| | ) |
| JOSEPH H. JUE, DIRECTOR & | ) |
| CHIEF EXECUTIVE OFFICER, et al., | ) |
| | ) |
| Defendants. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Joseph H. Jue and Defendant Defense Commissary Agency's Motion to Dismiss. [Dkt. 2.]  For the following reasons, the Court will grant the motion and dismiss the case.

## I. Background

At the motion to dismiss stage, the Court must read the complaint as a whole, construe the complaint in a light most favorable to the plaintiff, and accept the facts alleged in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On November 17, 2014, Plaintiff Avemaria M. Ladson ("Plaintiff") was hired as a Sales Store Checker with Defendant Defense Commissary Agency ("DeCa") at Fort Meyer in Arlington,

1

Virginia on a "career-conditional appointment."[1]  (Defs.' Mem. in Supp. of Mot. to Dismiss [Dkt. 3] at 2 (citing Ex. A).) Plaintiff's appointment required her to serve a one-year probationary period.  (Defs.' Mem. Ex. C at 2 ("In accordance with 5 C.F.R. Section 315.804, a probationary employee's employment may be terminated at any time his/her work performance or conduct fails to demonstrate fitness for continued employment.").)  On February 14, 2015, Plaintiff was terminated before her probationary period was completed for "conduct and performance related issues."  (Id.)

On March 12, 2015, Plaintiff filed suit in the Circuit Court for Arlington County against Defendant Joseph H. Jue, Director and Chief Executive Officer, and Defendant DeCa. (Compl. [Dkt. 1-2] at 1.)  Plaintiff claims she was wrongfully fired.  (Compl. ¶ 3.)  Plaintiff also claims her life was threatened on the job by another employee and that she was "accused of helping a lady walk away with approximately . . . $200.00."  (Id. at ¶¶ 4-5.)  It also appears Plaintiff claims she was harassed on the job.  (Id. at ¶ 7 ("On or about February, 2015 and January, 2015 being harass [sic] on the job

---

[1] Defendants attach Plaintiff's employment records to their memorandum in support of the motion to dismiss.  (Defs.' Mem. Ex. A.)  The Court may look to evidence outside the pleadings to adjudicate motions to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  See, e.g., Velasco v. Government of Indonesia, 370 F.3d 392, 398 (4th Cir. 2004).

2

about the fight in the till [sic] room between two employees, and stealing money from the cash register every other day.").) Plaintiff demands $10 million dollars. (Compl. ¶ 8.)

One week after filing suit, on March 19, 2015, Plaintiff contacted a DeCa Employment Opportunity ("EEO") counselor. (Defs.' Mem. Ex. D ¶ 3.) On March 24, 2015, Plaintiff submitted a pre-complaint EEO intake form to the DeCa office alleging discrimination based on gender, age, race, and religion. (Id.) She also claimed retaliation for prior EEO activity, but DeCa's EEO office had no record of such activity. (Id.) On April 27, 2015, Defendants removed the action to this Court. (Notice of Removal [Dkt. 1].) On May 4, 2015, Defendants filed a motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a memorandum in support, and a Roseboro Notice. (Defs.' Mot. to Dismiss [Dkt. 2]; Defs.' Mem. [Dkt 3]; Roseboro Notice [Dkt. 2-1].) Plaintiff did not file an opposition to the motion but appeared and made argument at the hearing on June 11, 2015. Thus, the motion is ripe for disposition.

## II. Legal Standard

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendants may attack subject matter jurisdiction in one of two ways. First,

3

defendants may contend that the complaint fails to allege facts upon which subject matter jurisdiction may be based. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); King v. Riverside Reg'l Med. Ctr., 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). In such instances, all facts alleged in the complaint are presumed to be true. Adams, 697 F.2d at 1219; Virginia v. United States, 926 F. Supp. 537, 540 (E.D. Va. 1995). Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue. Adams, 697 F.2d at 1219; King, 211 F. Supp. 2d at 780. In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" Virginia v. United States, 926 F. Supp. at 540 (citing Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir. 1993)); see also Adams, 697 F.2d at 1219; Ocean Breeze Festival Park, Inc. v. Reich, 853 F. Supp. 906, 911 (E.D. Va. 1994). In either case, the burden of proving subject matter jurisdiction falls on the plaintiff. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams, 697 F.2d at 1219.

### III. Analysis

#### A. Subject Matter Jurisdiction

The Court liberally construes the pro se Plaintiff's Complaint to allege claims for wrongful termination, harassment,

4

discrimination based on gender, age, race, and religion, and retaliation under Title VII. Defendants note the Virginia state court where Plaintiff originally filed her Complaint did not have jurisdiction to hear wrongful termination or Title VII claims brought by a federal employee, and that because the case was removed to this Court, this Court also lacks jurisdiction. (Defs.' Mem. at 7-8.)

An employee's claim against a federal employer pursuant to Title VII must be filed in federal, not state court. See Bullock v. Napolitano, 666 F.3d 281, 284 (4th Cir. 2012), cert. denied, 133 S. Ct. 190 (2012). A state court is similarly without jurisdiction to review any wrongful termination claims under the Civil Service Reform Act ("CSRA"). See 5 U.S.C. §§ 7701, 7703. Thus, the Circuit Court for Arlington County lacked subject matter jurisdiction to hear Plaintiff's wrongful termination and Title VII claims.

When a case is removed from state court to federal court under 18 U.S.C. § 1442, as was done here, "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." Bullock, 666 F.3d at 286 (citations and internal quotation marks omitted).

5

Consequently, because the Virginia state court lacked jurisdiction to entertain Plaintiff's claims in this case, this Court did not acquire jurisdiction by reason of the case's removal under 28 U.S.C. § 1442. Thus, Plaintiff's claims must be dismissed because this Court lacks subject matter jurisdiction to adjudicate her claims.

### B. Wrongful Termination Claim

In the alternative, even if this Court did have subject matter jurisdiction, this Court lacks jurisdiction to hear Plaintiff's claim for wrongful termination. The CSRA "established a comprehensive system for reviewing personnel action taken against federal employees." Elgin v. Dep't of Treasury, 132 S. Ct. 2126, 2130 (2012) (citing United States v. Fausto, 484 U.S. 439, 455 (1988)). Employees entitled to review are those in the "competitive service" and "excepted service" who meet certain requirements regarding probationary periods and years of service.[2] Elgin, 132 S. Ct. at 2130. If an agency

---

[2] As the Supreme Court explained in Elgin, the CSRA divides civil service employees into three main categories.

> "Senior Executive Service" employees occupy high-level positions in the Executive Branch but are not required to be appointed by the President and confirmed by the Senate. 5 U.S.C. § 3131(2). "[C]ompetitive service" employees . . . are all other Executive Branch employees whose nomination by the President and confirmation by the Senate are not required and who are not specifically

6

takes final adverse action against a covered federal employee, the CSRA gives the employee the right to a hearing before the Merit Systems Protection Board ("MSPB"). Elgin, 132 S. Ct. at 2130 (citing 5 U.S.C. §§ 7701(a)(1)-(2)). An employee who is dissatisfied with the MSPB's decision is entitled to judicial review in the United States Court of Appeals for the Federal Circuit. Id. (citing 5 U.S.C. § 7703(b)(1)(A)). The "CSRA's elaborate framework demonstrates Congress' intent . . . that extrastatutory review is not available to those employees to whom the CSRA grants administrative and judicial review." Elgin, 132 S. Ct. at 2133.

Here, Plaintiff is a covered federal employee. Any claim for wrongful termination must have been brought through the administrative and judicial procedures outlined in the CSRA. Accordingly, this Court does not have jurisdiction to hear her wrongful termination claim, and as such it must be dismissed for this alternative reason.

---

> excepted from the competitive service by statute. § 2102(a)(1). The competitive service also includes employees in other branches of the Federal Government and in the District of Columbia government who are specifically included by statute. § 2102(a)(2)-(3). Finally, "excepted service" employees are employees who are not in the Senior Executive Service or in the competitive service. § 2103.

Elgin, 132 S. Ct. at 2130 n.1.

7

### C. Title VII Claims

Again in the alternative, even if this Court had subject matter jurisdiction, Plaintiff's Title VII claims must fail for failure to exhaust her administrative remedies. "Federal employees who seek to enforce their rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C.C § 2000e et seq., must exhaust their available administrative remedies prior to pursing an action in federal court." Austin v. Winter, 286 F. App'x 31, 35 (4th Cir. 2008) (citing Brown v. General Serv. Admin., 425 U.S. 820, 832 (1976)). A federal employee must initiate contact with an Equal Employment Opportunity ("EEO") counselor within forty-five days of the occurrence of alleged discrimination to see if the issue can be resolved informally. 29 C.F.R. § 1614.105(a). Should informal counseling fail, the employee is required to file a formal complaint within fifteen days of receiving notice to do so. 29 C.F.R. § 1614.106(b). Following the employee's receipt of the agency's final decision, she has only ninety days to initiate a suit in federal court. 29 C.F.R. § 1614.407(a).

Here, Plaintiff does not allege that she has exhausted her administrative remedies. While Defendants acknowledge that Plaintiff contacted a DeCa EEO counselor one week after filing the Complaint in state court, the only additional step Plaintiff took was filing a pre-complaint EEO intake form. (Defs.' Mem.

8

at 2-3.)  Nothing else before the Court suggests that she exhausted her administrative EEO remedies before filing suit. Therefore, even if the Court had jurisdiction to hear the Title VII claims, they must be dismissed for Plaintiff's failure to exhaust her administrative remedies.

### IV. Conclusion

For the following reasons, the Court will grant the Defendants' motion and dismiss the complaint.

An appropriate Order shall issue.

|  |  |
|---|---|
| | /s/ |
| June 16, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |